UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALFREDA SMITH-BURRUS,

                     Plaintiff,

-against-

BANNING POLICE DEPT.; YONKERS POLICE DEPT.; DEPT. OF CORRECTIONS,

                     Defendants.

23-CV-9320 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order dated October 25, 2023, the Court directed Plaintiff, within 30 days, to either pay the $402.00 in fees required to file an action in this court or, to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, file an IFP application. (ECF 2.) By order dated December 6, 2023, and entered on December 7, 2023, the Court dismissed the action for Plaintiff's failure to pay the fees or file an IFP application. (ECF 3.) The Clerk of Court entered judgment on December 7, 2023. (ECF 4.) On January 11, 2024, Plaintiff filed a notice of appeal, and a motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"). (ECF 5, 6.) For the reasons set forth below, the Court denies Plaintiff's motion.

## DISCUSSION

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a litigant must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A). Under Rule 4(a)(5), however, a litigant may seek an extension of time to file a notice of appeal. The motion for an extension of time must be filed within 30 days of the expiration of the period to file a notice of appeal, and must also show excusable neglect or good cause. Fed. R. App. 4(a)(5)(A)(i), (ii).

The Court's order of dismiss and civil judgment were entered on December 7, 2023. Plaintiff therefore had until January 8, 2024, to file a timely notice of appeal,[1] and until February 7, 2024, to file a timely motion for an extension of time. Plaintiff's motion is timely because she filed it on January 11, 2024, but she does not show excusable neglect or good cause for her failure to file a timely notice of appeal. In fact, Plaintiff provides no explanation for her failure to file a timely notice of appeal. Because Plaintiff has not shown excusable neglect or good cause for her failure to file a timely notice of appeal, the Court denies Plaintiff's motion for an extension of time to file a notice of appeal.

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file an appeal. (ECF 6.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 18, 2024
         New York, New York

                                                   /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                                   Chief United States District Judge

---

[1] Thirty days after December 7, 2023 is January 6, 2024. Because that date falls on a Saturday, the period to file a timely notice of appeal was extended to the next court business day, Monday, January 8, 2024. *See* Fed. R. Civ. P. 6(a)(2)(C).